## G. C. PHINNEY, APPELLANT,

*v.*

## W. B. HUBBARD, APPELLEE.

A vendor who knowingly and fraudulently sells to an innocent purchaser, who relies solely on his representations, certain lots of little or no value, representing the same to be certain other valuable lots, which he points out to the purchaser, is liable in an action for the deceit to damages in an amount equal to the difference in value between the property purported to be sold and that actually sold.

APPEAL from the Third Judicial District, holding terms at Seattle.

The opinion of the Court embraces the pleadings and findings in the case.

*Richard Osborn*, and *J. C. Haines*, for Appellant.

The plaintiff was in possession of all the information, and the source of the same, that the defendant had, and therefore was not deceived by defendant. (Bigelow on Fraud, 66, 289 ; *Slaughter* v. *Garson*, 13 Wall. 379; Bispham's Eq., 214; *Veasey* v. *Dolan*, 3 Allen, 380 ; Pomeroy's Eq., Vol. 2, 380 ; Kerr on Fraud and Mistake, 75 ; *Collins* v. *Evans*, 52 B. 820 ; *Childers* v. *Wooler*, 2 E. and E. 287 ; *Marsh* v. *Faulker*, 40 N. Y. 562 ; *Meyer*

II. Wash.—24.

v. *Armdon*, 45 N. Y. 169 ; Benjamin on Sales, Secs. 454, 460, 461.)

The action cannot be maintained, in the absence of proof that the defendant believed, or had reason to believe, that the representations were false. (*Wakeman* v. *Dalley*, 51 N. Y. 27 ; *Indianapolis, Peru and Chicago Railroad* v. *Tyng*, 48 How. Pr. 203 ; *Oberlander* v. *Spiers*, 45 N. Y. 175 ; *Hubbell* v. *Meigs*, 50 N. Y. 480 ; *Degraw* v. *Elmore*, 50 N. Y. 1 ; *Ross* v. *Mather*, 51 N. Y. 108 ; *Robinson* v. *Flint*, 58 Barb. 100.)

Representations false in fact give no right of action, if innocently made by a party who believes the truth of what he asserts. (Benjamin on Sales, Sec. 454 ; Anson on Contracts, 131, 133, 149, 150, 81 ; Ills., 501 ; *Marshall* v. *Gray*, 39 How. Pr. 172 ; 53 Barb. 425 ; *Case* v. *Boughton*, 11 Wend. 108.)

If there is absence of *scienter*, the action cannot be maintained. (*Moore* v. *Noble*, 36 How. Pr. 385 ; 59 Ill. 375 ; Sacket on Instructions to Juries, 151 ; Cooley on Torts, 474 ; 37 Ill. 260 ; *McDonald* v. *Tufton*, 15 Maine, 225 ; *McKown* v. *Furguson*, 47 Iowa, 636.)

A person who has reason to believe, and actually believes, a particular fact to be true, and accordingly represents what he believes, is not liable for an action merely because it turns out that he was mistaken, and his representations were unintentionally false. (Addison on Torts, 1005, 2d. Vol. 4th Eng. Ad., Am. Notes by Dudley and Baylis ; *Ormrod* v. *Huth*, 14 M. & W. 664 ; *Weed* v. *Case*, 55 Barb. 534 ; *Marsh* v. *Falker*, 40 N. Y. 562.)

The only relief the party injured is entitled to, is a return to him of the money paid out. (*Bank of Hindostan* v. *Allison*, L. R., 6 C. P. 54 ; Bigelow on Estoppel, 3d ed. 529, note 1 ; Sugden on Vendors, Vol. 1, p. 491, and authorities there cited ; Story Eq., 5th ed., Secs. 142, 143 ; 22 N. Y. 520.)

Money paid on a contract voidable on the ground of mistake can be recovered back. (Anson on Contracts, 128 ; 20 Wendall, 174.)

When means of knowledge are open to both parties, and the purchaser does not avail himself of the opportunity, he will not be allowed to impeach on the ground of fraud. (*Slaughter* v. *Gerson*, 13 Wall. U. S. 379 ; Pomeroy's Eq., Vol. 2, 380 ; Bispham's Eq. 214.)

*T. J. Humes*, for Appellee.

A fair preponderance of the evidence establishes :

1st.   That the representations were made by appellant as of his own knowledge, and were material.

2d.   That they were false.

3d.   That the representations were such as were susceptible of accurate knowledge, and were made with intent to deceive.

4th.   That appellee relied and acted upon them as true, to his injury and damage.

Such being the facts, it is no defense for defendant to say that he believed the representations to be true.   It is immaterial whether he knew them to be false or not.   ( *Waters* v. *Mattingly*, 1 Bibb. Ky. 244 ; *Miner* v. *Medley*, 6 Wis. 294 *, 295 ; *Snyder* v. *Findley*, Coxe, N. J. 78 ; *Bennett* v. *Judson*, 21 N. Y. 238 ; *Johnson* v. *Hatton*, 2 Abb. N. Y., App, Dec., 465 ; *Mitchell* v. *Zimmerman*, 4 Tex. 75 ; *Litchfield* v. *Hutchinson*, 17 Mass. 195 ; *Munroe* v. *Pritchett*, 16 Ala. 785 ; *Frenzel* v. *Miller*, 37 Ind. 1 ; *Cotshausen* v. *Simon*, 47 Wis. 103 ; *Elder* v. *Allison*, 45 Ga. 13 ; *Lockridge* v. *Foster*, 5 Ill. 573 ; Field on Damage, 2d ed., Secs. 702, 565.)

There can be no question as to the correctness of the findings as to the value of the land shown, and the value of the land given.   Plaintiff's measure of damage is the difference in the value between the two tracts.   (*Hahn* v. *Cummings*, 3 Iowa, 583 ; Field on Damage, 2d ed., Secs. 502, 708.   See also *Willey* v. *Morrow*, 1 Wash. Ter. 478.)

Opinion by WINGARD, Associate Justice.

This is an action brought in the Court below by the appellee, W. B. Hubbard, against the appellant, G. C. Phinney, to recover damages for certain false and fraudulent representations made by appellant, that induced appellee to purchase certain real estate.   The allegations of the complaint in substance are : That on the 13th of October, 1882, the plaintiff (appellee in this Court), at the request of the defendant, appellant, entered into negotiations to purchase certain lots described by defendant as lots 10, 11, and 12, Block 6, Northern Addition to the City of Seattle.   That the defendant, in order to induce plaintiff to

purchase said lots, took plaintiff upon, showed and pointed out to him lots 4, 5, and 6, North Seattle, and there and then falsely and fraudulently represented that the lots so shown were the lots 10, 11, and 12 which he desired to sell.

That the plaintiff, confiding in said representations, and believing the same to be true, purchased the lots described by defendant as lots 10, 11, and 12, Northern Addition to Seattle, supposing and believing them to be the lots so shown and pointed out to him ; and then paid to the defendant the sum of one hundred and fifty dollars, the full purchase price agreed upon. That said lot 10 is worthless, and that lots 11 and 12 do not exist.    That said lots 4, 5, and 6, North Seattle (the lots shown), are worth the sum of one thousand five hundred dollars ; alleging damage, by reason of such false and fraudulent representations, in the sum of one thousand five hundred dollars, and praying judgment therefor.

To this complaint the defendant answers, by first denying, specially and generally, all the allegations of the complaint, except the payment of the sum of $150 ; the defendant then pleads this matter, which he terms a second defense.    Second : " For a second and further defense to plaintiff's said complaint, the defendant answers, addressing the same to the Honorable Roger S. Greene, Judge of said Court; that heretofore, to wit, October 13th, 1882, defendant was the owner and had under contract, and the control and sale of a large number of lots in the Northern Addition to the City of Seattle.    That plaintiff desired to purchase three lots in said addition, and pointed the ones selected by him on the maps of said addition.    That defendant understood and believed that the lots so selected by plaintiff to be lots 8, 9, and 10 in block 6, in the Northern Addition to Seattle ; but in taking off the description there was a mistake made in the description of said lots so selected, and lots 10, 11, and 12 in the Northern Addition to Seattle were described and written in the bond for a deed, which defendant did, on October 13th, execute and deliver to plaintiff; and that the plaintiff did pay to defendant the sum of one hundred and fifty dollars.    That defendant supposed and believed that he had contracted to convey to the plaintiff the said lots 8, 9, and 10 in block 6, Northern Addition to Seattle, which lots he then

owned, and reserved the same for plaintiff; and had no knowledge of and did not discover the said mistake until the bringing of this action. That the description contained in said bond for deed were lots 10, 11, and 12, in the Northern Addition to Seattle, and not 10, 11, and 12, in block 6, Northern Addition to Seattle, as plaintiff has alleged in his complaint. That there are no lots bearing the description contained in said bond for a deed given by defendant to plaintiff. That defendant practiced no fraud upon, and made no false or fraudulent representations to plaintiff, but that said erroneous description was the result of inadvertence and mistake. That plaintiff (defendant) has been ready and willing at all times since the discovery of said mistake to pay back to plaintiff the said sum of $150, with interest thereon from the date of payment of the same to defendant (plaintiff). That defendant offered to pay said amount to plaintiff as soon as said mistake was discovered, but that plaintiff (defendant) refused to accept the same. That on March 28th this defendant tendered and offered to pay to plaintiff the sum of $190 in gold coin, but that plaintiff, by his attorney, refused to accept the same. Defendant alleges that said sum of $190 was sufficient to pay plaintiff the said sum of $150, with interest from said October 13th, 1882, and all costs to this action to date."

After alleging non-maturing of the bond for deed, and charging that the action was instituted for the purpose of annoying and harassing defendant, and for purposes of extortion, defendant prays that the contract be rescinded, and for costs.

Plaintiff replied to this part of answer, denying any *mistake* in the contract of sale; alleging that defendant was, at time of sale, and for a long time prior thereto, engaged in the business of buying and selling real estate in the city of Seattle; that he falsely and fraudulently made the representations charged in plaintiff's complaint, with intent to deceive plaintiff; and that they did deceive him to his damage as alleged.

The case was, with the consent of both parties, sent to a referee, who reported his findings to the Court as follows:

1. On the 13th day of October, 1882, the defendant was, and for eight months prior thereto had been, in the real estate

and insurance business, having his office and place of business at Seattle, King County, Washington Territory.

2. On that day defendant entered into negotiations with plaintiff for the purchase by plaintiff of certain lots of land, situate in the County of King and Territory of Washington, described as lots ten (10), eleven (11), and twelve (12), in block six (6), Northern Addition to the City of Seattle in said county, at defendant's said office, and then and there pointed out to plaintiff said lots of land on Harris' map of Seattle; and to effect said sale to plaintiff, took him out to and showed to him lots 4, 5, and 6, in block 6 of North Seattle, which was then owned by David T. Denny and wife; and then and there knowingly, falsely, and fraudulently represented to plaintiff that they were the lots of land which defendant had pointed out to him on the map as lots 10, 11, and 12, block 6, of Northern Addition to Seattle, and which he wished to sell.

3. That plaintiff and defendant then returned to defendant's office, and the plaintiff then and there, confiding in said representations of defendant, and believing them to be true, agreed to purchase said lots 10, 11, and 12, block 6, of Northern Addition to Seattle, supposing and believing these lots to be lots which defendant so pointed out and showed to him ; and then and there received from said defendant his bond to convey said lots 10, 11, and 12, of the Northern Addition to Seattle, W. T., by good and sufficient conveyance, provided plaintiff should, on or before that day, have paid to said defendant the sum of one hundred and fifty dollars, gold coin, the price agreed upon ; and then and there paid to said defendant said sum of one hundred and fifty dollars, and took his receipt for the same.

In the receipt the lots are described as lots 10, 11, 12, block 6, of Northern Addition to Seattle, W. T.  In the bond the word and figure " Block 6 " are omitted.  They refer to one and the same description of land, and are parts of one and the same transaction.

4. The said lots 4, 5, and 6, in block 6, North Seattle, were, on said October 13, 1882, and are, worth the sum of fifteen hundred dollars in money.

5. The said lot 10, block 6, Northern Addition to Seattle, was

and is worthless; and the said lots described as lots 11 and 12, block 6, Northern Addition, did not then and do not exist.

6.  Plaintiff first discovered in December, 1882, that the said lots of land so sold by defendant, and described in said bond and in said receipt, were not the lots of land pointed out and shown to plaintiff by defendant at time of sale.

7.  Defendant, on March 28th, 1883, tendered to T. J. Himes, Esq., attorney for plaintiff, and offered to pay the plaintiff the sum of $190 in gold coin, which said attorney refused to accept. Prior to that date, and in December, 1882, defendant stated to plaintiff that if he was not satisfied, he would give him his money back, and two per cent. interest per month ; which was not consummated.

8.  That defendant on said 13th October, 1882, knew the location of block 6, Northern Addition, and the number of lots contained therein.   That he had in his possession maps showing the different additions to Seattle, with their location (excepting said Northern Addition).   That he was informed as to location of lots 4, 5 and 6, block 6, North Seattle, and on said 13th October, 1882, knowingly, willfully and fraudulently took plaintiff upon and showed to him said lots 4, 5 and 6, block 6, North Seattle, and then and there knowingly, falsely and fraudulently represented to plaintiff that said lots 4, 5 and 6, block 6, North Seattle, were said lots 10, 11 and 12, block 6, Northern Seattle, which he desired to sell.   That said representations were false to the knowledge of defendant, and were made to induce plaintiff to purchase the same ; and plaintiff relied upon them as true, and was thereby led to purchase them.

9.  That said plaintiff in said transaction was guilty of no negligence or fraud, and the misrepresentations to said lots were not made simply by mistake.

Exceptions were filed to this report, and after argument the District Court found facts and conclusions of law, upon which judgment was entered for the plaintiff below for $1450.

Defendant below appealed.

After a careful review of all the evidence, we think the findings of fact of the referee are fully sustained thereby, except as to the fifth finding.   In lieu of said fifth finding, we adopt the eighth finding of the Court below as follows : " That the

said lot 10, block 6, Northern Addition to Seattle, was, at the time mentioned in complaint, and is, worth the sum of fifty dollars. And the said lots 11 and 12, block 6, Northern Addition to Seattle, did not then and do not exist."

Let the judgment of the Court below be affirmed.

We concur: GEORGE TURNER, Associate Justice.